UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMY LEE MILES,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>STU SHERMAN, Warden,<br><br>　　　　Respondent. | Case No.: 1:16-cv-01762-JLT (HC)<br><br>FINDINGS AND RECOMMENDATIONS TO SUMMARILY DISMISS PETITION FOR WRIT OF HABEAS CORPUS FOR LACK OF JURISDICTION<br><br>ORDER DIRECTING THAT OBJECTIONS BE FILED WITHIN TWENTY DAYS<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN CASE TO DISTRICT JUDGE |

On November 21, 2016, Petitioner filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Because Petitioner challenges a parole suitability determination and the Court is without jurisdiction to review the substantive due process of a parole suitability determination, the Court will recommend the petition be **DISMISSED**.

I.　Preliminary Screening of the Petition

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss,

or after an answer to the petition has been filed. See Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971). The Court will review the instant petition pursuant to its authority under Rule 4.

II.     Failure to State a Claim Cognizable Under Federal Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc). The instant petition was filed on November 21, 2016, and thus, it is subject to the provisions of the AEDPA.

Petitioner alleges that he is an inmate of the California Department of Corrections and Rehabilitation who is serving a sentence of ten years-to-life imposed in the Fresno County Superior Court after his 1986 conviction for kidnapping with great bodily injury and robbery with use of a firearm. (Doc. 1, p. 1). Petitioner does not challenge either his conviction or sentence; rather, he challenges the 2013 decision of the California Board of Parole Hearings ("BPH") finding him unsuitable for parole. He claims the seven year parole denial is disproportionate compared to other inmates similarly situated. He further claims the factors relied on by the BPH were unsupported.

Petitioner's claims concern the decision of the BPH. These claims are foreclosed by the Supreme Court's decision in Swarthout v. Cooke, 562 U.S. 216 (2011). In Swarthout, the Supreme Court held that the federal habeas court's inquiry into whether a prisoner who has been denied parole received due process is limited to determining whether the prisoner "was allowed an opportunity to be heard and was provided a statement of the reasons why parole was denied." Id., (citing Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 16 (1979)). Petitioner does not contend he was denied these procedural due process guarantees. According to the Supreme Court, this is "the beginning and the end of the federal habeas courts' inquiry into whether [the prisoner] received due process." Swarthout, 562 U.S. at 220. "'The Constitution,' [the Supreme Court] held, 'does not require more.'" Id., (quoting Greenholtz, 442 U.S. at 16). Therefore, Petitioner's challenges to the Board's denial of parole fail to present cognizable federal claims for relief and the petition should be

dismissed.

**ORDER**

Accordingly, the Clerk of the Court is **DIRECTED** to assign a United States District Judge to this case.

**RECOMMENDATION**

For the foregoing reasons, the Court **RECOMMENDS** that the instant petition for writ of habeas corpus (Doc. 1) be **DISMISSED** for failure to state a claim upon which federal habeas relief can be granted.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty days after being served with a copy, Petitioner may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **December 14, 2016**          **/s/ Jennifer L. Thurston**
                                      UNITED STATES MAGISTRATE JUDGE